IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 20-cr-30050 |
| ) | |
| STACEY FURLOW, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Stacey Furlow's Motion for District Judge's Review of Magistrate Judge's October 27, 2020, Opinion (d/e 30), requesting that this Court review Magistrate Judge Schanzle-Haskins's opinion ("Opinion") (d/e 29) denying Defendant's Motion for Revocation/Amendment of Detention Order (d/e 23). Defendant's Motion for Review is GRANTED. Because the Court finds that no set of release conditions will assure the safety of the community or assure Defendant's continued presence at criminal proceedings in this case, the magistrate judge's decision (d/e 29) is AFFIRMED.

## I. BACKGROUND

The Court adopts the factual and procedural background set forth in the Opinion. See Opinion (d/e 29), at 1–8. Per evidence presented at the November 13, 2020 hearing, the facility where Defendant is currently being held had zero active COVID-19 cases among inmates, down from the three active cases noted in the Opinion. After the magistrate judge denied Defendant's revocation motion (d/e 23), Defendant moved for this Court to review the magistrate judge's decision pursuant to 18 U.S.C. § 3145(b). See Review Motion (d/e 30).

## II. STANDARD OF REVIEW

18 U.S.C. § 3145(b) provides for district court review of a magistrate judge's release or detention order. Pursuant to this provision, the district court "must conduct a *de novo* review" and "need not defer to the magistrate's findings." United States v. Spears, No. 2:10-CR-55, 2010 WL 2427439, at *3 (N.D. Ind. June 4, 2010). This review entails "decid[ing] anew and independently whether detention or temporary release is warranted." United States v. Hartsell, 448 F. Supp. 3d 975, 976 (N.D. Ind. 2020).

## III. ANALYSIS

Defendant proceeds under 18 U.S.C. § 3142(i), which allows a court to "permit the temporary release of a person . . . to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  See Revocation Motion (d/e 23), at 8.  Defendant argues that the ongoing COVID-19 pandemic presents a "compelling reason" for his temporary release, given that Defendant suffers from medical conditions placing him at an increased risk of serious illness should he be exposed to the SARS-CoV-2 virus. See id. at 9–12; see also United States v. Carrington, No. 2:19-CR-59-PPS-JPK, 2020 WL 2029391, at *5 (N.D. Ind. Apr. 28, 2020) ("More recently, a growing number of jurisdictions have considered requests for release relating to COVID-19 under the 'compelling reason' prong of § 3142(i).").

Defendant also notes that "[t]he circumstances that existed when the Defendant was first ordered to be held in detention have now changed." Revocation Motion (d/e 23), at 8.  From this, and from the fact that Defendant's motion was styled a "Motion for

Revocation/Amendment of Detention Order in Light of Covid-19 Pandemic," the Court infers that Defendant is also moving to reopen his detention hearing on the basis of information not known to him at the time of the hearing that "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community" under 18 U.S.C. § 3142(f). See Carrington, 2020 WL 2029391, at 6 (electing to revisit threshold issue of detention under § 3142(f) in context of § 3142(i) motion); United States v. Sumbry, No. 2:20-CR-35-PPS-JPK, 2020 WL 2092838, at *1 (N.D. Ind. May 1, 2020) (interpreting § 3142(f) motion for release given COVID-19 vulnerability as including assertion of § 3142(i)).

### A. The Government Has Shown That There Are No Release Conditions that Will Assure Defendant's Appearance and the Safety of the Community

The Bail Reform Act ("BRA") requires the Government to prove either (1) that no set of release conditions will "reasonably assure" the appearance of the defendant at the court proceedings against him, or (2) that no set of release conditions for the defendant will "reasonably assure the safety of the community." See United States

v. Portes, 786 F.2d 758, 760 (7th Cir. 1985).  The standard of proof in the "risk of flight" inquiry is preponderance of the evidence, while the standard of proof in the "danger to the community" inquiry is clear and convincing evidence. Id.

    Here, a rebuttable presumption that the government has succeeded with respect to both of these inquiries exists.  After review of the facts presented at Defendant's original detention hearing, the Court finds that there is probable cause to believe that Defendant has committed an offense involving a minor victim. Defendant is charged with enticement under 18 U.S.C. § 2422(b), and the facts presented by the Government show that Defendant attempted to meet up with a person whom he believed to be a 15-year-old boy for sex, and that he brought KY jelly to the meeting location.  The facts also show that Defendant admitted to police that he knew he had been chatting with a minor, that he "had never done anything like this before," and that he should not have come to the agreed location.  Therefore, pursuant to 18 U.S.C. 3142(e)(3)(E), a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of [Defendant] as required and the safety of the community."

After reviewing the record, and after consideration of the factors listed in § 3142(g), the Court concludes that Defendant has not sufficiently rebutted this presumption with respect to either inquiry. The fact that Defendant's release plans involve his working as a delivery driver means that any set of release conditions imposed would necessarily allow close contact with children, while Defendant's history of alcohol abuse means that there would be an increased risk of the recurrence of impulsive, irrational behavior like the behavior that led to the charges in this case.

Because it has been established that Mr. Furlow is a danger to the community and a flight risk and that no set of release conditions could sufficiently address either concern, the Court finds that 18 U.S.C. § 3142(f) does not require the revocation of the detention order (d/e 12) previously issued by the magistrate judge in this case.

**B. Defendant's Health Conditions and Concerns Relating to the COVID-19 Pandemic Are Insufficient to Secure His Temporary Release Under 18 U.S.C. § 3142(i)**

In addition to moving for reopening his detention hearing under 18 U.S.C. § 3142(f), Defendant requests "temporary release" under § 3142(i), arguing that the COVID-19 pandemic provides a

"compelling reason" for his release.  When a defendant seeks temporary release under § 3142(i), he or she "bears the burden of demonstrating a sufficient ground for release" under the statute, and even where grounds for release are established release under § 3142(i) is subject to the court's discretion, as the language of the statute (providing that the court "may permit the temporary release" of a defendant) is permissive rather than mandatory.  See United States v. Sumbry, No. 2:20-CR-35-PPS-JPK, 2020 WL 2092838, at *7 (N.D. Ind. May 1, 2020)

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons and jails.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation.  Social distancing can be difficult for incarcerated individuals.

In addition, Defendant is 59 years old, is obese, and suffers from hypertension, asthma, and pulmonary difficulties arising from a lung resection surgery he underwent in 2009.  See Revocation Motion (d/e 23), at 2; Medical Records (d/e 33), at 17, 19.  The CDC

warns that older adults are at an increased risk of severe illness caused by COVID-19, lists obesity as a condition that places adults of any age at an "increased risk of severe illness" from COVID-19, and lists hypertension and asthma as conditions that "might" place adults of any age at an increased risk of severe illness from COVID-19.  <u>See</u> People at Increased Risk - Coronavirus, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last accessed November 17, 2020).  The seriousness of Defendant's pulmonary issues has not been conclusively established—Defendant's medical records indicate that he had "normal" lung volume and lung capacity as of early 2020.  <u>See</u> Medical Records (d/e 31), at 19. Still, Defendant has established that he is at an increased risk of severe illness should he contract COVID-19, and the Court therefore finds that he has established a "compelling reason" for his release under 18 U.S.C. § 3142(i).

 Nevertheless, the Court does not elect to order the temporary release of Defendant.  After reviewing the record, the Court concludes that the danger to the community and the risk of flight that Defendant's temporary release would entail outweigh any

factors favoring release.  Defendant's proposed release plans involve him working as a delivery driver, and this job would necessarily carry with it some risk of COVID-19 infection—perhaps even a greater risk than Defendant runs as an inmate in the facility where he is currently housed, given that no inmates at that facility are currently COVID-positive, and given the safety measures outlined in the Government's Response to Defendant's revocation motion.  See Response (d/e 26), at 6–10.  And while

### III. CONCLUSION

For the reasons set forth above, the Court concludes that neither revocation of the detention order issued by Judge Schanzle-Haskins (d/e 12) nor the temporary release of Defendant are warranted in this case.  The magistrate judge's decision is AFFIRMED.

ENTER:  November 18, 2020

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE