IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 20-cr-30050 |
| | ) | |
| STACEY FURLOW, | ) | *The Honorable* |
| | ) | *Sue E. Myerscough,* |
| Defendant. | ) | *United States* |
| | ) | *District Judge, Presiding.* |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

**NOW COMES** Defendant, STACEY FURLOW, by and through his attorney, Mark Kevin Wykoff, Sr. of the Wykoff Law Office, LLC, and hereby submits his Proposed Jury Instructions in the above captioned case, specifically reserving the right to withdraw any instructions or submit additional instructions required by circumstances occurring during the course of the trial, and states as follows, that:

**Proposed Instruction 1 – Modified Pattern Instruction 4.01 – Burden of Proof – Elements**

**Count One** of the Indictment charges the defendant with attempted enticement of a minor.  In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1. The defendant used a facility or means of interstate commerce to knowingly attempt to persuade, induce, or entice an individual to engage in sexual activity; and,

2. The defendant believed that the individual was less than 18 years of age; and,

3. If the sexual activity had occurred, the defendant would have committed the criminal offense of Aggravated Criminal Sexual Abuse under Illinois law; and,

4. The defendant was not entrapped.[1]

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

---

[1] Pattern Instruction 4.01 states that Subpart 4 of the Instruction should be given where the defendant has raised an affirmative defense on which the government bears the burden of proof, e.g., entrapment. See also *United States v. Mayfield,* 771 F.3d 417, 440 (7th Cir. 2014): Because entrapment is a fact question on which the government bears the burden of proof, the defendant is entitled to a jury instruction on the defense "whenever there is sufficient evidence from which a reasonable jury could find entrapment."

2

**Proposed Instruction 2 – Modified Pattern Instruction 4.01 – Burden of Proof – Elements**

**Count Two** of the Indictment charges the defendant with use of interstate facilities to attempt to transmit information about a minor. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1. The defendant used a facility or means of interstate commerce to knowingly attempt to entice, encourage, offer, and solicit to engage in sexual activity; and,

2. The defendant believed that the individual was less than 16 years of age; and,

3. If the sexual activity had occurred, the defendant would have committed the criminal offense of Aggravated Criminal Sexual Abuse under Illinois law; and,

4. The defendant was not entrapped.[2]

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable

---

[2] Pattern Instruction 4.01 states that Subpart 4 of the Instruction should be given where the defendant has raised an affirmative defense on which the government bears the burden of proof, e.g., entrapment. See also *United States v. Mayfield,* 771 F.3d 417, 440 (7th Cir. 2014): Because entrapment is a fact question on which the government bears the burden of proof, the defendant is entitled to a jury instruction on the defense "whenever there is sufficient evidence from which a reasonable jury could find entrapment."

doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

**Proposed Instruction 3 – Modified Pattern Instruction 4.01 – Burden of Proof – Elements**

**Count Three** of the Indictment charges the defendant with attempted transfer of obscene material to a minor. In order for you to find the defendant guilty of this charge, the government must prove each of the two following elements beyond a reasonable doubt:

1. The defendant used a facility or means of interstate commerce to knowingly attempt to transfer obscene matter; and,

2. The defendant believed that the individual was less than 16 years of age; and,

3. The defendant was not entrapped.[3]

---

[3] Pattern Instruction 4.01 states that Subpart 4 of the Instruction should be given where the defendant has raised an affirmative defense on which the government bears the burden of proof, e.g., entrapment. See also *United States v. Mayfield,* 771 F.3d 417, 440 (7th Cir. 2014): Because entrapment is a fact question on which the government bears the burden of proof, the defendant is entitled to a jury instruction on the defense "whenever there is sufficient evidence from which a reasonable jury could find entrapment."

4

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

**Proposed Instruction 4 – Pattern Instruction No. 6.04 – Entrapment – Elements**

The government has the burden of proving that the defendant was not entrapped by law enforcement. The government must prove beyond a reasonable doubt either:

1. A law enforcement officer did not induce the defendant to commit the offense; or,

2. The defendant was predisposed to commit the offense before he had contact with law enforcement officers. If the defendant was predisposed, then he was not entrapped, even though law enforcement officers or their agents provided a favorable opportunity

to commit the offense, made committing the offense easier, or participated in acts essential to the offense.

**Proposed Instruction 5 – Pattern Instruction 6.05 – Entrapment – Factors:**

In deciding whether the government has proved that it did not entrap the defendant, you may consider all of the circumstances, including:

1. The defendant's background, including his prior criminal history;

2. Whether government agents first suggested the criminal activity;

3. Whether the defendant engaged in the criminal activity for profit;

4. Whether the defendant was reluctant to engage in criminal activity;

5. Whether law enforcement officers or their agents merely invited or solicited the defendant to commit the offense;

6. The nature and extent of any pressure or persuasion used by law enforcement officers or their agents;

7. Whether law enforcement officers or their agents offered the defendant an ordinary opportunity to commit a crime or instead offered the defendant exceptional profits or persuasion;

8. The defendant's ability to commit the crime without the assistance of law enforcement officers or their agents.

It is up to you to determine the weight to be given to any of these factors and any others that you consider.

Respectfully Submitted,

**WYKOFF LAW OFFICE, LLC**

By: /s/ *Mark Kevin Wykoff, Sr.*
Mark Kevin Wykoff, Sr.
Reg. No. 6292093
Attorney for Defendant
Wykoff Law Office, LLC
919 South Eighth Street
Springfield, Illinois 62703
Telephone: (217) 522-3319
Fax: (217) 522-4147
E-mail: mark@wykofflaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Mr. Tanner K. Jacobs, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
318 South Sixth Street
Springfield, IL 62701

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Mr. Stacey Furlow
c/o Macon County Jail
333 South Franklin Street
Decatur, IL 62523

/s/ *Mark Kevin Wykoff, Sr.*
Mark Kevin Wykoff, Sr.
Reg. No. 6292093
Attorney for Defendant
Wykoff Law Office, LLC
919 South Eighth Street
Springfield, Illinois 62703
Telephone: (217) 522-3319
Fax: (217) 522-4147
E-mail: mark@wykofflaw.com