IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 20-cr-30050 |
| | ) | |
| STACEY FURLOW, | ) | *The Honorable* |
| | ) | *Sue E. Myerscough,* |
| Defendant. | ) | *United States* |
| | ) | *District Judge, Presiding.* |

**DEFENDANT'S RESPONSE
TO THE GOVERNMENT'S MOTIONS *IN LIMINE***

**NOW COMES** Defendant, STACEY FURLOW, by and through his attorney, Mark Kevin Wykoff, Sr. of the Wykoff Law Office, LLC, and for his Response to the Government's Motions *in Limine*, states as follows, that:

**The Government's Motion to Exclude the Entrapment Defense.**

For all of the reasons set forth in Defendant's Proffer to Instruct the Jury on the Defense of Entrapment (d/e 47) and this Honorable Court's Opinion dated March 15, 2022 (d/e 51), it is respectfully requested that the Government's Motion to Exclude the Entrapment Defense be denied at this time.

**The Government's Motion to Exclude the Fantasy Defense.**

Defendant has never contemplated nor indicated in any manner that he would be advancing such a defense.

**The Government's Motion to Exclude Evidence of the Defendant's Character / "No Lack of Proclivity for Child Sex Abuse Evidence" / "Unrelated Good Acts by the Defendant."**

The Government's fairly disjointed argument/prayer for relief will be responded to in a succinct and readily digestible manner.

a. Defendant will not be presenting his own expert testimony to advance such a claim, nor will he be presenting evidence of his "good acts."

b. On the other hand, evidence of "proclivity" is, in fact, highly relevant to the extent that "proclivity" is synonymous with "predisposition," which is a material issue at dispute, as embodied in 7th Circuit Pattern Jury Instructions 6.04 and 6.05. The Government's motion to bar such evidence thus appears to be a clever design to subvert the presentation of evidence to demonstrate that the Defendant had no predisposition and should not be granted accordingly.

**The Government's Motion to Bar Evidence of Defendant's Intent.**

Defendant's intent is an essential element of proof embodied within the first element of Count One, and he will defend himself accordingly. *See Government's Instructions 19 and 20.*

Defendant's intent is also an essential proof embodied within the third element of Count Two, and he will defend himself accordingly. *See Government's Instruction 21.*

**The Government's Motion to Bar Evidence of Defendant's Mental Health.**

There is not an iota of indicia in the Pretrial Services Report or any pleading that arose therefrom that Defendant suffers from a mental-health related condition. Physical, yes, mental, no. Thus, the foundation for the Government's Motion is puzzling.

**The Government's Motion to Exclude the "Consent of the Child" Defense.**

Defendant has never contemplated nor indicated in any manner that he would be advancing such a far-fetched defense.

**The Government's Motion to Exclude Evidence Regarding the CHS's Identity.**

So long as the Government does not open the door to making this issue material through its direct examination of the handling

agent, or the Government's purported expert, the Defendant has never contemplated nor indicated in any manner that the true identity of "Clay" is either material or relevant.

**The Government's Motions to Bar Evidence of Penalties Faced by the Defendant or to Encourage the Jury to Acquit the Defendant Even if the Government has Met Its Burden.**

The prohibition against the same is as fundamental to our system of justice as the presumption of innocence. Undersigned counsel is perplexed as to when or how the Government came to the mistaken belief that undersigned counsel intended to defend this cause in such an unorthodox, prescribed manner.

**The Government's Motion to Bar Evidence of the Government's Charging Decision.**

Defendant concedes that decisions as to who to charge, and for what acts, is not relevant.

**The Government's Motion to Bar Allegations of Outrageous Government Conduct.**

While the Defendant has no aspirations to advance a claim of "outrageous government conduct," entrapment has been described in this Circuit as being synonymous with "government overreaching" and Defendant should not be foreclosed from advancing an "overreach" versus "outrageous" claim. *See Defendant's Proffer to*

*Instruct the Jury on the Defense of Entrapment, d/e 47.*

**Motion to Preclude Discovery Requests/Commentary in the Presence of the Jury.**

While the Government may have encountered a single and isolated issue regarding the subject matter with another defense counsel in another division within this District, it is disconcerting that the Government would then impute that transgression to all other members of the Central District defense bar.

**WHEREFORE**, for all of the reasons set forth herein, Defendant respectfully prays that this Honorable Court grant him any and all relief prayed for herein as well as any and all other relief as this Honorable Court deems just and equitable.

        Respectfully Submitted,

        **WYKOFF LAW OFFICE, LLC**

By:    /s/ *Mark Kevin Wykoff, Sr.*
        Mark Kevin Wykoff, Sr.
        Reg. No. 6292093
        Attorney for Defendant
        Wykoff Law Office, LLC
        919 South Eighth Street
        Springfield, Illinois 62703
        Telephone: (217) 522-3319
        Fax: (217) 522-4147
        E-mail: mark@wykofflaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

### CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Mr. Tanner K. Jacobs, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
318 South Sixth Street
Springfield, IL 62701

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Mr. Stacey Furlow
c/o Macon County Jail
333 South Franklin Street
Decatur, IL 62523

/s/ *Mark Kevin Wykoff, Sr.*
Mark Kevin Wykoff, Sr.
Reg. No. 6292093
Attorney for Defendant
Wykoff Law Office, LLC
919 South Eighth Street
Springfield, Illinois 62703
Telephone: (217) 522-3319
Fax: (217) 522-4147
E-mail: mark@wykofflaw.com