IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 20-cr-30050 |
|  | ) |  |
| STACEY FURLOW, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter is before the Court on the Government's motions in limine (d/e 67). The Government seeks to exclude evidence or argument related to certain defenses and arguments that the Government anticipates Defendant may assert at trial.

### I. STANDARD OF REVIEW

"A motion in limine is a request for guidance by the court regarding an evidentiary question." Wilson v. Williams, 182 F.3d 562, 570 (7th Cir.1999). A federal district court has the authority to make preliminary rulings on trial motions to bar or allow evidence. Hawthorne Partners v. AT & T Techs., Inc., 831 F. Supp.

1398, 1400 (N.D. Ill. 1993). The court should exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. Luce v. United States, 469 U.S. 38, 41 n. 4 (1984) (explaining that federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). Because such evidentiary rulings are made in a vacuum, the court's ruling on a motion in limine is not final, but, rather, is subject to reconsideration "as events at trial unfold." Moore v. General Motors Corp., 684 F. Supp. 220, 220 (S.D. Ind. 1988). Thus, as the trial proceeds, the Court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of an order in limine. See United States v. Connelly, 874 F.2d 412, 416 (7th Cir.1989) (citing Luce v. United States, 469 U.S. 38, 41 (1984) ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling")). Indeed, such acts are required for preservation of the record for purposes of appeal.

## II.  ANALYSIS

The Government has moved to exclude (1) the anticipated defense of entrapment; (2) any evidence that goes to the character

of Defendant, beyond his character for truthfulness, or of unrelated good acts; (3) any testimony regarding the Defendant's intent or lack thereof to commit a sexual act with a minor; (4) any evidence regarding the Defendant's mental health or diminished capacity; (5) any evidence regarding the consent or willingness of the "child"; (6) evidence regarding the Confidential Human Source's identity; (7) argument or evidence designed to elicit jury nullification, specifically including mention of the potential penalties faced by Defendant if convicted; (8) evidence bearing on the Government's motivations for investigating and prosecuting the case; (9) arguments or evidence concerning allegations of governmental misconduct and/or outrageous government conduct; (10) discovery requests or commentary in the presence of the jury; and (11) the "fantasy" defense.

    Defendant has filed a Response (d/e 78) to the Government's motions in limine in which Defendant states that he does not intend to present evidence regarding the "fantasy" defense, the "consent of the child" defense, Defendant's mental health, the Government's charging decision, "good acts" of the Defendant, or the penalties faced by the Defendant.  Defense counsel also does not intend to

make discovery requests or commentary regarding discovery in the presence of the jury and does not intend to suggest or encourage jury nullification. With respect to the issue of the Government's Confidential Human Source's (CHS) identity, Defendant states that he does not intend to introduce evidence of the CHS's identity so long as the Government's direct examination of its witnesses does not make the CHS's identity relevant. Accordingly, the Government's motions in limine regarding the "fantasy" defense, the "consent of the child" defense, Defendant's mental health, the Government's charging decision, prior good acts of Defendant, jury nullification and the penalties faced by the Defendant, discovery requests or commentary regarding discovery, and the identity of the CHS are all GRANTED without objection.

Defendant intends to present evidence regarding the defense of entrapment. For the reasons stated in the Court's pretrial order on entrapment (d/e 51), the Government's motion to exclude the defense of entrapment is DENIED.

Defendant does not intend to present expert testimony regarding Defendant's character or a lack of proclivity defense. However, Defendant argues that evidence of proclivity is highly

relevant to the issue of predisposition, which is the "principal element" of the defense of entrapment. United States v. Mayfield, 771 F.3d 417, 420 (7th Cir. 2014). A successful entrapment defense requires Defendant to show that he was not predisposed to commit the offense of which he stands accused. Id. Defendant's proclivity, or lack thereof, for child sex abuse is highly relevant to the issue of whether he was predisposed to commit the charged offenses in this case. Accordingly, the Government's motion to exclude evidence relating to Defendant's lack of proclivity for child sex abuse is DENIED.

Defendant further states that he does not intend to argue "outrageous government conduct," but points out that entrapment has been defined as "government overreaching." Defendant asserts that he does intend to argue that the government overreached in its investigation of Defendant. Government inducement of the charged offense is an element of an entrapment defense. Mayfield, 771 F.3d at 427. Therefore, while outrageous government conduct is not in and of itself a defense to a criminal charge, see United States v. Boyd, 55 F.3d 239, 241-42 (7th Cir. 1995), the government's conduct during its investigation of Defendant is relevant to the

issue of entrapment. Accordingly, the Government's motion to exclude evidence of outrageous Government conduct is DENIED to the extent that the Government seeks to exclude evidence relevant to the issue of Government inducement or overreach of the charged offenses.

With respect to the Government's motion to exclude evidence of Defendant's intent, Defendant states that "Defendant's intent is an essential element" of the offenses charged in Counts One and Two and that Defendant "will defend himself accordingly." D/e 78, p. 3. However, while Defendant's intent <u>to entice</u> is highly relevant, the Government's motion requests only that Defendant be prohibited from asserting that he never specifically intended <u>to engage in sexual activity</u> with a minor. Attempted enticement requires proof that a defendant "intended to persuade, induce, or entice someone whom he believed was a minor to engage in sexual activity—not that he intended to engage in sexual activity." <u>United States v. Berg</u>, 640 F.3d 239, 251 (7th Cir. 2011). Accordingly, the Government's motion to exclude evidence of the Defendant's intent to actually engage in sexual activity with a minor is GRANTED.

### III. CONCLUSION

For the reasons stated above, the Government's motions in limine regarding the "fantasy" defense, the "consent of the child" defense, Defendant's mental health, the Government's charging decision, prior good acts of Defendant, jury nullification and the penalties faced by the Defendant, discovery requests or commentary regarding discovery, the identity of the CHS, and Defendant's intent to actually engage in sexual activity with a minor are all GRANTED. The Government's motions in limine regarding government conduct, lack of proclivity, and entrapment are DENIED, as stated above.

ENTERED: June 16, 2022

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE